UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CYNTHIA FAYE GARCIA,

        Plaintiff,

    v.

WALMART, INC.,

        Defendant.

No.  2:25-cv-03678-DAD-CKD (PS)

ORDER GRANTING IFP REQUEST AND DISMISSING WITH LEAVE TO AMEND

Plaintiff Cynthia Faye Garcia proceeds pro se in this action which is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b). Plaintiff has filed an application in support of her request to proceed in forma pauperis which makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) The request will be granted.

I.      SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.

1

*See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

## II.    ALLEGATIONS IN THE COMPLAINT

Plaintiff's Complaint names Walmart, Inc. ("Walmart"), as a defendant. (ECF No.1.) Plaintiff alleges the Court has subject matter jurisdiction over this action through "civil constitutional law." *Id*. at 1. The remainder of the Complaint alleges a negligence claim against Defendant Walmart. *Id*. at 2. Plaintiff alleges she was injured because of a slip and fall in a Walmart restroom, which she attributes to the absence of "certain handrails not being installed at the time of her accident." *Id*. Plaintiff alleges that she has been left partially paralyzed and underwent surgery following the incident. *Id*.

## III.    PLEADING STANDARDS

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

2

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

### IV.    THE COMPLAINT FAILS TO STATE A CLAIM AND FAILS TO SET FORTH A BASIS FOR FEDERAL JURISDICTION

Plaintiff alleges her claims have federal jurisdiction. (ECF No. 1 at 1.) However, she fails to allege any federal claims against Defendant Walmart. Moreover, it is unclear from the face of the Complaint whether there is diversity of citizenship among the parties. Plaintiff may litigate her claims in federal court if she can establish diversity of citizenship, meaning, "the matter in controversy exceeds the sum or value of $75,000… and is between citizens of different states." 28 U.S.C. § 1332. Plaintiff does not allege a sum of monetary damages, however, if she were to do so she could establish that her claims are between two parties from different states as the address listed on the Complaint is from Oroville, California. (*See* ECF No. 1 at 1.)

Plaintiff also appears to allege "gross negligence" against Defendant Walmart. To state a claim for negligence, a plaintiff must allege "(a) legal duty to use care; (b) a breach of legal duty; [and] (c) the breach is the proximate or legal cause of the resulting injury." *Chaconas v. JP Morgan Chase Bank*, 713 F. Supp. 2d 1180, 1186 (S.D. Cal. 2010) (quoting *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996)). Plaintiff has failed to plead any of these elements. The Court dismisses Plaintiff's complaint.

### V.    CONCLUSION

The Complaint must be dismissed, but Plaintiff is granted leave to file an amended complaint. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An

amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend;

3. Plaintiff is granted thirty (30) days from the date of service to file an amended Complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  May 20, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, garc25cv3678